**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ROBERT L. THOMPSON**                                                          **PLAINTIFF**

**V.**                                     **CASE NO. 1:12cv242 M-S**

**UNITED STATES OF AMERICA**                                       **DEFENDANT**

MEMORANDUM OPINION

This cause comes before the court on defendant's motion to dismiss [11] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff has not responded in opposition to the motion. Upon due consideration of the memoranda and relevant law, the court is now prepared to rule.

Robert L. Thompson alleges he suffered personal injuries following a dental procedure performed by the originally named defendants, Vivian Draper, DDS and Access Family Health Services, Inc., and brings this claim of medical malpractice. Both of the named defendants, Draper and Access, were substituted as parties by way of Notice of Substitution filed November 27, 2012. The United States has been substituted as the defendant with respect to the state law causes of action alleged in the Complaint against Vivian Draper, DDS and Access Family Health Services, Inc. 28 U.S.C. § 2679(b)(1), (d)(1), (d)(2), and (d)(4).

Thompson filed a lawsuit in the Circuit Court of Monroe County, Mississippi on March 22, 2012. At the time of the alleged malpractice, Draper was an employee of Access Family Health Services, Inc. Access Family Health Services was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2009, and that coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to

deem entities as public health service employees under 24 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Healthcare, Health Resources and Services Administration. As set forth therein, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2401(b); 2671-2680 (2000) ("FTCA"), provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679. The allegations contained within plaintiff's Complaint against defendants Vivian Draper, DDS and Access Family Health Services, Inc., fall within these provisions.

28 U.S.C. § 2679(d)(1) provides, in pertinent part, that upon certification by the Attorney General, if a federal employee was acting within the scope of his office or employment at the time of the incident out of which the state law claim arises, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as a party defendant with respect to these claims.

Felicia C. Adams, United States Attorney for the Northern District of Mississippi has certified that at the time of the conduct alleged, defendant, Vivian Draper, DDS, was acting within the scope of her employment with Access Family Health Services, Inc. Pursuant to 28 U.S.C. § 2671, Vivian Draper, DDS, was an "employee of the government."

This case was removed from state court on November 20, 2012, in accordance with the FTCA, 28 U.S.C. § 2679(d) (2) and 28 U.S.C. § 1446(b). As set forth in the Notice of Removal, actions for alleged negligent or wrongful acts or omissions of federal employees come within the provisions of the FTCA, and the FTCA is the exclusive remedy for persons with such claims. 28 U.S.C. § 2679. The FTCA is the exclusive remedy available to plaintiffs claiming they were injured due to the negligence of a federal employee acting within the course and scope of his

employment See, 28 U.S.C. § 2679(b)(1). Before a person is allowed to file suit under the FTCA, he must first present a claim to the appropriate agency and then exhaust all of his administrative remedies. 28 U.S.C. 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Further, Congress has expressly provided that the remedies available under the FTCA are so exclusive that a plaintiff may only recover monetary damages for allegedly negligent acts if permitted by the FTCA. 28 U.S.C. §2679(b)(1). When a litigant fails to comply with the terms or limitations of the limited waiver, his suit is barred by sovereign immunity and the district court lacks jurisdiction to entertain his claim. *Id.; See McNeil v. United States*, 508 U.S. at 113.

Pursuant to Rule 12(b)(1), a moving party may assert that the actual factual basis precludes subject matter jurisdiction. *See, e.g., Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). Where the attack is factual, the court is not bound to take the allegations of the Complaint as true, nor will the existence of disputed material facts preclude the court from resolving the jurisdictional merits of the case. *See*, *Williamson v. Tucker*, 645 F.2d 404, 412-413 (5th Cir.), *cert*. *denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). In *Eaglin v. U.S. Department of Army*, 794 F.2d 981, (5th Cir. 1986), the court stated at p. 984, note 3:

> We note that a district court has the power to make factual finding decisive of jurisdiction. *See*, *Williamson v. Tucker,* 645 F.2d at 413 (5th Cir. 1981), *cert*. *denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981). Thus, the district court in deciding a motion challenging its own subject matter jurisdiction does not have to accept the jurisdictional allegations of a plaintiff as true.

Plaintiff never submitted an administrative claim either before or after initiating this lawsuit. This jurisdictional prerequisite to filing an FTCA claim is expressly required by the controlling statute, 28 U.S.C. § 2675(a). 28 U.S.C. §2675(a) states, in pertinent part:

> An action shall not be constituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused

> by the negligence or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

The Fifth Circuit Court of Appeals strictly construes this as a jurisdictional requirement, rather than a procedural defect that may be overlooked as a needless formality or corrected by amended pleadings, because it is a condition precedent to waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) (the terms of the United States' consent to be sued define the court's jurisdiction to entertain the suit); *United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1307 (5th Cir. 1987) (inappropriate to hold a complaint in abeyance until an administrative claim is filed and denied); *Reynolds v. United States,* 748 F.2d 291 (5th Cir. 1984) (an amended complaint cannot cure the jurisdiction defect).

In light of the foregoing, defendant's motion to dismiss is GRANTED. This case is dismissed. Pursuant to Federal Rule of Civil Procedure 58, a separate judgment will be issued in accord with this opinion.

IT IS SO ORDERED, this the 15th day of August, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**